# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| DARRELL BERRY, ET AL. | |
|---|---|
| VERSUS | CIVIL ACTION |
| | NO. 18-888-JWD-RLB |
| LOANCITY, ET AL. | |

## RULING AND ORDER

This matter comes before the Court on *Wells Fargo Bank, N.A.'s Motion to Dismiss* (Doc. 4) filed by Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo"). Plaintiffs Darrell Berry and Constance Lafayette (collectively "Plaintiffs") oppose the motion. (Doc. 19.) Defendant has not filed a reply. Oral argument is not necessary. The Court has carefully considered the law, facts in the record, and arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendant's motion is granted, and Plaintiffs' claims against Defendant Wells Fargo are dismissed with prejudice.

### I.   Relevant Factual Background

Plaintiffs filed suit in state court on August 20, 2018, asserting a variety of claims against LoanCity, Wells Fargo, Federal Home Loan Mortgage Corporation ("Freddie Mac"), Freddie Mac Multiclass Certificates, Series 3113 Trust, Mortgage Electronic Registration System ("MERS"), and Does 1–100. (*Plaintiffs' Original Complaint for Damages and Other Relief* ("*Petition*" or "*Pet.*") ¶¶ 4–11, Doc 1-2 at 51–52.) Specifically, Plaintiffs claims are for: (1) lack of standing/wrongful foreclosure; (2) unconscionable contract; (3) breach of contract against LoanCity/MERS; (4) breach of fiduciary duty; (5) quiet title; (6) slander of title; (7) injunctive relief; and (8) declaratory relief. (*Id.* ¶¶ 38-94, Doc. 1-2 at 56–62.) Defendants removed the case

to federal court and now seek to dismiss Plaintiffs' claims for lack of standing and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

According to the *Petition*, on December 27, 2005, Plaintiffs executed a negotiable promissory note for real property located at 8338 Greenmoss Drive, Baton Rouge, Louisiana 70806. (*Pet.* ¶¶ 3, 27, Doc. 1-2 at 51, 55.) The promissory note was secured by a mortgage in the amount of $184,000. (*Id.* ¶ 27, Doc. 1-2 at 55.) The "Original Lender" of the note and mortgage was LoanCity, and MERS served as nominee. (*Id.* ¶¶ 4, 9, Doc. 1-2 at 51–52.) The December 27, 2005 negotiable promissory note and mortgage were recorded on January 4, 2006. (*Id.* ¶ 28, Doc. 1-2 at 55.)

Plaintiffs then allege, upon information and belief, that the promissory note was "sold, transferred, assigned and securitized into the Freddie Mac Multiclass Certificates, Series 3113 with an issue date of February 27, 2006." (*Id.* ¶ 29, Doc. 1-2 at 56.) After this assignment, MERS did not record any assignment of the Deed of Trust in the Parish of East Baton Rouge Recorder's Office. (*Id.* ¶ 31, Doc. 1-2 at 56.) Then, on November 13, 2012, MERS, as nominee for LoanCity, attempted to assign the mortgage to Wells Fargo. (*Id.* ¶¶ 32-33, Doc. 1-2 at 56.) The November 13, 2012 assignment occurred about seven years after the loan originated.[2] (*Id.* ¶ 35, Doc. 1-2 at 56.)

Plaintiffs assert that Defendant Wells Fargo lacks authority to enforce the mortgage due to an improper securitization and subsequent assignment. (*Pet.* ¶ 21, Doc. 1-2 at 54.) Plaintiffs believe that "Defendants participated in a transactional scheme whereby a purported Tangible Note is converted/exchanged for a Payment Intangible asset to provide an alternative investment

---

[1] As will be explored below, while Wells Fargo does not specifically name "standing" as a ground for dismissing the *Petition*, the cases Wells Fargo relies upon for this position are all rooted in that doctrine.
[2] Since the *Petition* was filed, Wells Fargo has assigned the note to a third party. (Doc. 37.) This later assignment, however, is not at issue.

offering via Special Deposit to certificate or bond holders[.]" (*Id.* ¶ 15, Doc. 1-2 at 53.) Ultimately, Plaintiffs believe that LoanCity "unlawfully purported to assign, transfer, or convey its interest in Plaintiffs' Note[,]" and thus Wells Fargo does not have a colorable claim on the mortgage. (*Id.* ¶¶ 18, 22, Doc. 1-2 at 53, 55.)

## II.     Relevant Standard

### A. Rule 12(b)(1) Standard

Concerning the standard for Rule 12(b)(1) motions, the Fifth Circuit has explained:

> Motions filed under Rule 12(b)(1) . . . allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996).
>
> The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States,* 899 F. Supp. 305, 307 (E.D. Tex. 1995). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980).
>
> When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curiam). . . .
>
> In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir.1998).

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### B. Rule 12(b)(6) Standard

In *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 135 S. Ct. 346, 190 L. Ed. 2d 309 (2014), the Supreme Court explained that "[f]ederal pleading rules call for a 'short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Id.*, 135 S. Ct. at 346–47 (citation omitted).

Interpreting Rule 8(a), the Fifth Circuit has explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007) (emphasis in *Lormand*)).

Applying the above case law, the Western District of Louisiana has stated:

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)]; *Twombly,* [550] U.S. at 556, 127 S. Ct. at 1965. This analysis is not substantively different from that set forth in *Lormand, supra,* nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. R. Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. The standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided that there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand,* 565 F.3d at 257; *Twombly,* [550] U.S. at 556, 127 S. Ct. at 1965.

*Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.,* 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011) (citation omitted).

More recently, in *Thompson v. City of Waco, Tex.,* 764 F.3d 500 (5th Cir. 2014), the Fifth Circuit summarized the standard for a Rule 12(b)(6) motion:

> We accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff . . . To survive dismissal, a plaintiff must plead enough facts to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Our task, then, is to determine whether the plaintiff state a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.

*Id.* at 502–03 (citations and internal quotations omitted).

### C. Pro Se Litigants

As an initial matter, the Court acknowledges that the *Petition* was filed *pro se*. (*Pet.*, Doc. 1-2 at 51, 63.) Pleadings filed *pro se* are held to less stringent standards than those drafted by lawyers. *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Further, a court must liberally construe a *pro se* complaint, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam).

Nevertheless, Plaintiffs are advised that, "a *pro se* litigant is not exempt . . . from compliance with the relevant rules of procedural and substantive law." *NCO Financial Systems, Inc. v. Harper–Horsley*, No. 07–4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008). As such, a *pro se* plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson,* 999 F.2d at 100.

### III. Discussion

#### A. Parties' Arguments and Summary of the Ruling

Defendant Wells Fargo has moved to dismiss Plaintiffs' claims on two grounds. First, Defendant argues that federal courts have rejected Plaintiffs' securitization and pooling argument and such challenges to the assignment of a mortgage. While Wells Fargo does not specifically say it is requesting dismissal for lack of standing, the cases it relies upon all dismiss similar complaints on this basis. Second, Wells Fargo contends that Plaintiffs have failed to state a viable claim against them as servicer of the assigned mortgage.

In response, Plaintiffs quote the Federal Rules of Civil Procedure and argue they have pled enough facts to put Defendant on notice that they could recover, given adequate discovery. However, Plaintiffs fail to address any arguments made by Wells Fargo in its supporting brief.

Having carefully considered the law, the facts in the record, and the arguments of the parties, the Court will grant Wells Fargo's motion on three grounds. First, because Plaintiffs failed to respond to any of Wells Fargo's arguments, they have waived any opposition. Second, the Court finds that Plaintiffs lack standing to challenge the assignment of the mortgage to Wells Fargo. And third, the Court concludes that all of Plaintiffs' claims (which depend on Plaintiffs' attacks to the securitization process and the allegedly improper assignments of the Note and/or Deed of Trust) fail as a matter of law.

#### B. Waiver

As a preliminary matter, Plaintiffs did not respond to the substance of any of Defendant's arguments in their opposition to the instant motion. As a matter of law, Plaintiffs have thereby waived any opposition. *See JMCB, LLC v. Bd. of Commerce & Indus.,* 336 F. Supp. 3d 620, 634 (M.D. La. 2018) ("The Fifth Circuit makes it clear that when a party does not address an issue in

his brief to the district court, that failure constitutes a waiver on appeal. By analogy, failure to brief an argument in the district court waives that argument in that court." (citations and internal quotations omitted)). Thus, on this ground alone, Plaintiffs' claims could be dismissed.

### C. Standing

But, even if the Court were to consider the allegations of the Amended Opposition as being an opposition to the instant motion, the Court would reject these arguments. In short, Plaintiffs lack standing to challenge the assignment to Wells Fargo.

#### 1. Applicable Law

"The standing doctrine is a threshold inquiry to adjudication, which defines and limits the role of the judiciary." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 570 F. Supp. 2d 851, 853 (E.D. La. 2008) (citing *McClure v. Ashcroft,* 335 F.3d 404, 408 (5th Cir. 2003)). "It is well settled that unless a plaintiff has standing, a federal district court lacks subject matter jurisdiction to address the merits of the case." *Id.* "In the absence of standing, there is no 'case or controversy' between the plaintiff and defendant which serves as the basis for the exercise of judicial power under Article III of the constitution." *Id.* (citing *Warth v. Seldin*, 422 U.S. 490, 498–99, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)). "The key question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant federal court jurisdiction." *Id.* (quoting *Baker v. Carr,* 369 U.S. 186, 204, 82 S. Ct. 691, 703, 7 L. Ed. 2d 663 (1962)).

"[T]he irreducible constitutional minimum of standing contains three elements." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992). "First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical."

*Id.* (internal citations and quotations omitted). "Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly . . . traceable to the challenged action of the defendant, and not . . . the result of the independent action of some third party not before the court." *Id.*, 504 U.S. at 560–61, 112 S. Ct. at 2136 (citations, quotations, and alterations omitted). "Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.*, 504 U.S. at 561, 112 S. Ct. at 2136 (citations and quotations omitted). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* (citation omitted).

### 2. Analysis

To the extent Plaintiffs challenge any assignment of the mortgage, such a claim fails as a matter of law for lack of standing. In the context of a mortgage assignment, a mortgagor, or borrower, does not have standing to allege that an assignment between two third parties is invalid. *See Ezell v. Payne*, No. 16-1166, 2017 WL 891768 (W.D. La. Jan. 31, 2017). The Fifth Circuit has held that a borrower, "who is not a party to, or an intended third-party beneficiary of, an agreement that purports to transfer the mortgagor's note and/or mortgage to another party, does not have standing to bring suit to enforce the terms of the agreement that governs the assignment of the mortgagor's note." *Farkas v. GMAC Mortgage, L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013). Thus, as non-party mortgagors, and without any allegations showing Plaintiffs to be an intended third-party beneficiary, this Court concludes that Plaintiffs lack the requisite standing to contest the validity of the assignment at issue.

### D. Failure to State a Cognizable Claim

In addition to the obstacles described above, Plaintiffs' allegations also fail to set forth a legally cognizable claim. The Court will first address Plaintiffs' general assertions regarding the

securitization of the loan and the validity of the assignment and will then discuss each of Plaintiffs' individual claims.

### 1. General Allegations

Plaintiffs' *Petition* is based on legal theories that have been resoundingly rejected by federal courts across the country. Specifically, the bases for Plaintiffs' claims stem from the contention that their mortgage was improperly securitized and/or pooled, making any subsequent assignment to Wells Fargo invalid. However, neither theory has merit. *See, e.g., Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) (discussing and rejecting the theory that a mortgage was allegedly "split" from the note through securitization, rendering the note unenforceable); *Marban v. PNC Mortg.*, No. 3:12-cv-3952-M, 2013 WL 3356285, at *10 (N.D. Tex. July 3, 2013) (finding meritless the theory that any securitization of the loan rendered the note and accompanying deed of trust unenforceable and discharged a borrower's obligations under them); *Beebe v. Fed. Nat. Mortg. Ass'n*, No. 2:13–cv–311–JCM–GWF, 2013 WL 3109787, at *2 (D. Nev. June 18, 2013) ("[t]he securitization argument has been repeatedly rejected . . . because it does not alter or change the legal beneficiary's standing to enforce the deed of trust"); *Henkels v. J.P. Morgan Chase*, No. CV 11–0299–PHX–JAT, 2011 WL 2357874, at *7 (D. Ariz. June 14, 2011) (rejecting claim "that securitization has had any impact on [plaintiff's] obligations under the loan" and noting that numerous courts have rejected similar claims).

Moreover, the *Petition* and Amended Opposition make little attempt to connect Plaintiffs' claims to specific facts relevant in this particular case. Plaintiffs refer generally to "Defendants" without specifying or delineating which Defendant took which action. Additionally, Plaintiffs

only make three allegations against Wells Fargo in their *Petition*.³ Further, many of Plaintiffs'
allegations are legal conclusions that the Court need not accept as true. *Iqbal,* 556 U.S. at 679.

Plaintiffs' claims are all predicated on that theory that because the Deed of Trust was
improperly securitized and/or pooled, Defendants have "failed to perfect any security interest in
the Property." (*Pet.* ¶¶ 18–78, Doc. 1-2 at 53–60.) The Sixth Circuit has noted that district courts
"have entertained a spate of civil actions" related to mortgages and securitization of the
underlying loans. *Thompson v. Bank of Am., N.A.,* 773 F.3d 741, 748 (6th Cir. 2014). The Court
described many of these cases as "scattershot affairs, tossing myriad (sometimes contradictory)
legal theories at the court to see what sticks." *Thompson,* 773 F.3d at 748. Here, even accepting
the allegations as true and liberally construing Plaintiffs' claims, this Court finds that none of the
claims "stick."

By way of example, Plaintiffs' claim for wrongful foreclosure alleges that "Defendants . .
. do not have the right to foreclose on the Property because [they] . . . cannot prove to the court
they have a valid interest as a real party in interest." (*Pet.* ¶ 39, Doc. 1-2 at 56.) Likewise,
Plaintiffs' claim for quiet title alleges that "Defendants are without any legal right whatsoever,
and [they] have no estate, title, lien or interest in or to the Real Property." (*Id.* ¶ 74, Doc. 1-2 at
60.) So, too, is Plaintiffs' injunctive relief claim based on the theory of improper
securitization/pooling. (*Id.* ¶¶ 86, 89 (Plaintiffs' allege "Defendants inability to establish a claim
of right to Plaintiffs' Note or Deed of Trust establishes Plaintiffs' claims[,]" and, therefore,
"Plaintiffs' are the record title holder of the Property. . ."), Doc. 1-2 at 61.) Because all of

---

³ Plaintiffs' three allegations against Wells Fargo are: (1) Wells Fargo "is the Servicer of Plaintiffs' loan" (*Pet.* ¶ 6, Doc. 1-2 at 51); (2) the "November 13, 2012 Assignment of Mortgage attempts to assign the December 27, 2005 negotiable promissory note to Wells Fargo" (*Id.* ¶ 33, Doc. 1-2 at 56); and (3) there is no evidence within the November 13, 2012 Assignment of Mortgage that Wells Fargo "has any connection or legal interest to this transaction other than as a servicer." (*Id.* ¶ 34, Doc. 1-2 at 56.)

Plaintiffs' claims are based on the allegedly invalid securitization of the loan and/or the allegedly invalid assignment of the Note or Deed of Trust, the Court dismisses them for failure to state a viable claim.

### 2. Specific Claims

Again, Plaintiffs must identify a cognizable legal theory under which they bring their claims, and, here, they have not done so. Stripped of the allegations based on discredited legal theories, the Court will now review Plaintiffs' individual claims. As explained below, each of Plaintiffs causes of action will be dismissed.

#### a. Lack of Standing/Wrongful Foreclosure

Plaintiffs first bring a claim against Defendants for lack of standing/wrongful foreclosure, contending that no Defendant has standing to foreclose and that no Defendant has the right to foreclose. (Doc. 1-2 ¶¶ 38-40.) However, Plaintiffs fail to allege that Wells Fargo, or any Defendant, has invoked foreclosure proceedings against their property. (*Id*.)

"Although there is no statutory cause of action in Louisiana for wrongful seizure, damages for a wrongful seizure of property have long been available under Louisiana's tort law." *Bombet v. Donovan*, No. 13-118-SDD-SCR, 2015 WL 65255, at *8 (M.D. La. Jan. 5, 2015). However, "[b]ecause liability is tied to the act of unlawfully seizing another's property, the cause of action arises at the moment of the seizure." *Id.* (citing *Mariche v. Wells Fargo Bank, N.A.*, No. 11–1191, 2012 WL 1057626, at *3 (E.D. La. Mar. 28, 2012)).

Here, Plaintiffs' *Petition* only asserts that Defendants have no perfected rights or interests in their property. (*Pet.* ¶ 39, Doc. 1-2 at 56.) It does not allege that Defendants have taken any action to seize or foreclose on the property. (*Id*.) Thus, because Plaintiffs have not alleged that

Wells Fargo has begun foreclosure proceedings against Plaintiffs' property, this cause of action for lack of standing/wrongful foreclosure fails to state a claim upon which relief can be granted.

### b. Unconscionable Contract

Plaintiffs' second cause of action alleges an unconscionable contract. As an initial matter, Plaintiffs point to no Louisiana law or federal or state court decision interpreting Louisiana law that has permitted an affirmative claim for "unconscionable contract" (as opposed to the contract defense of unconscionability).

Nonetheless, Louisiana jurisprudence does recognize that certain contractual terms, especially when contained in dense standard forms that are not negotiated, can be unconscionable and thus unenforceable. *See, e.g.*, *Iberia Credit Bureau, Inc. v. Cingular Wireless LLC*, 379 F.3d 159 (5th Cir. 2004). But, for this contract defense to be applicable, there would need to be a contract between Plaintiffs and Wells Fargo and allegations stating how that contract is purportedly unconscionable. *See Aetna Fin. Co. of Baton Rouge v. Perkins*, 448 So. 2d 121, 128 (La. Ct. App. 1984) (finding that the loan transactions were not unconscionable when the defendants did not "allege in their pleadings or in brief that the terms of their loans are in violation of law").

Here, Plaintiffs have not alleged any contract negotiations or contract with Wells Fargo. (*Pet*. ¶¶ 52-59, Doc. 1-2 at 58–59.) Plaintiffs only make allegations against LoanCity regarding contract negotiations, and even then, fail to allege that the terms of their loan are allegedly in violation of law. (*Id*. ¶¶ 57, 59 (LoanCity failed to clarify the terms of the Mortgage and concealed they were benefitting financially; intended to exploit Plaintiffs' special disadvantage), Doc. 1-2 at 59.)

In sum, even if a cause of action for unconscionable contract exists under Louisiana law, Plaintiffs have not alleged any contract with Wells Fargo and have not stated any allegations regarding unconscionability against it. Therefore, this claim fails.

### c. Breach of Fiduciary Duty

Plaintiffs next allege Defendant breached a fiduciary duty using elements that are inapplicable under Louisiana law. (*Pet*. ¶ 66, Doc. 1-2 at 59.) Plaintiffs also fail to identify and allege any facts necessary to impose a fiduciary duty upon Wells Fargo.

Under Louisiana law, the "elements of a cause of action for a breach of fiduciary duty . . . are: (1) a breach by a fiduciary of an obligation to another; (2) a knowing collusion or participation in the breach by the fiduciary; and (3) damages suffered by another as a result of the breach." *Brockman v. Salt Lake Farm P'ship*, 33,938 (La. App. 2 Cir. 10/4/00), 768 So.2d 836, 844. In order "for a fiduciary duty to exist, there must be a fiduciary relationship between the parties." *Scheffler v. Adams & Reese, LLP*, 06-1774 (La. 2/22/07), 950 So.2d 641, 647.

However, the Louisiana Credit Agreement Statute ("LCAS") bars any implied fiduciary duty claims absent a written agency or trust agreement. The LCAS states, in the pertinent part:

> No financial institution or officer or employee thereof shall be deemed or implied to be acting as a fiduciary, or have a fiduciary obligation or responsibility to its customers or to third parties . . . unless there is a written agency or trust agreement under which the financial institution specifically agrees to act and perform in the capacity of a fiduciary.

La. Rev. Stat. Ann. § 6:1124.

Here, Plaintiffs have not alleged the existence of any written trust agreement with Wells Fargo. Accordingly, this cause of action fails to state a viable claim. *See Hancock Bank of La. v. 3429 H, LLC*, 15-355 (La. App. 5 Cir. 1/13/16), 184 So. 3d 274, 280 ("Schmidt did not allege in his reconventional demand that a written credit agreement existed. . . . Accordingly, there can be

13

no cause of action . . . for a breach of fiduciary duty regarding the promissory note."); *see also Loraso v. JP Morgan Chase Bank, N.A.*, No. 13-4734, 2013 WL 5755638 (E.D. La. Oct. 23, 2013) ("Plaintiffs' failure to allege a written fiduciary agreement is fatal to their claim for breach of fiduciary duty."). Further, even if there were a fiduciary duty, Plaintiffs do not allege any wrongdoing by Wells Fargo. (*See Pet.* ¶¶ 65-70, Doc. 1-2 at 59–60.) As such, this cause of action fails to state a claim and is dismissed.

### d. Quiet Title

Next, Plaintiffs bring a quiet title claim on the basis that "all Defendants . . . claim some estate, right, title, lien or interest in or to the property adverse to Plaintiffs" "without any right whatsoever" and "these claims constitute a cloud on Plaintiffs' title." (*Pet.* ¶¶ 74, 75, Doc. 1-2 at 60.) Plaintiffs ask the Court to issue a "decree permanently enjoin[ing] Defendants . . . from asserting any adverse claim to Plaintiffs' title to the property." (*Pet.* ¶ 77, Doc. 1-2 at 60.) However, Plaintiffs fail to allege sufficient facts to make out a cloud on their title.

Generally, "[a]n action to remove a cloud from title or to quiet title may be used by a person claiming ownership of immovable property or of a real right against another who has recorded an instrument which operates as a cloud on his title." *Spencer v. James*, 42,168, p. 9 (La. App. 2 Cir. 5/9/07), 955 So. 2d 1287, 1292. "The requirements of the action to quiet title are: 1. Claim of ownership; 2. Existence of clouds; 3. Description of property; and 4. Prayer for cancellation of the clouds." *Harrison v. Alombro*, 341 So. 2d 1165 (La. Ct. App. 1976). All four requirements must be met. *Spencer,* 955 So.2d at 1293 (citations omitted).

Here, Plaintiffs fail to provide sufficient facts to allege that a cloud exists on their title. "Generally, a cloud on title is produced by an invalid instrument or voidable conveyance that is associated with the title, and '[i]t is enough that the invalidity does not appear upon its [(the

14

instruments')] face[.]' " *Jonalkar v. Wells Fargo Mortg., Inc.*, No. 12-216-BAJ-CN, 2012 WL 5364246, at *2 (M.D. La. Oct. 31, 2012) (quoting *Graves v. Ashburn*, 215 U.S. 331, 30 S. Ct. 108, 109 (1909)). "Furthermore, a cloud on title may exist when the title is unmerchantable or suggestive of litigation and 'questionable' as to whether there is a clear title." *Parker v. Machen*, 567 So. 2d 739, 743 (La. Ct. App. 1990). However, this Court has held that "theories of securitization, 'splitting the note', and lack of standing are not sufficient factual allegations to support a 'cloud on title.' " *Jonalkar*, 2012 WL 5364246, at *2. These allegations do not "establish a plausible claim . . . because Plaintiffs conclusively state Defendants lack standing only because there was an assignment of the mortgage to subsequent entities." *Id.*

The same reasoning applies here. Plaintiffs base their claim solely on the alleged improper securitization of their Note. Therefore, this cause of action for quiet title fails to state a claim and is dismissed.

### e. Slander of Title

Plaintiffs next bring a cause of action for slander of title alleging that Defendant LoanCity acted maliciously in recording the Assignment of the Deed despite never perfecting their rights to the Deed. (*Pet.* ¶¶ 82-84, Doc. 1-2 at 61.) Plaintiffs fail to specify how and which other Defendants, if any, are involved in allegedly slandering their title. Further, Plaintiffs assert conclusory accusations and make no specific allegations against Defendant Wells Fargo. (*Pet.* ¶¶ 79-84, Doc. 1-2 at 60–61.) This fails to provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

In addition, Louisiana does not recognize any specific cause of action for "slander of title." *See Todd v. State*, 456 So.2d 1340, 1353 (La. 1983) (explaining that the "jactitory action" was the jurisprudentially-created way to handle "slander of title actions," but that in "1960 with

the adoption of the Louisiana Code of Civil Procedure, the former jactitory action was merged with the former possessory action"). Because Plaintiffs' claim is not a recognized cause of action under Louisiana law, it fails as a matter of law. Further, even if it were recognized, Plaintiffs have not alleged any facts that would sustain a cause of action against Defendant Wells Fargo. As such, this cause of action is dismissed for failure to state a cognizable claim.

### f. Injunctive Relief

Plaintiffs next ask for an injunction preventing any Defendant from foreclosing on their property. (*Pet.* ¶¶ 85-90, Doc. 1-2 at 61–62.) However, this cause of action fails on a number of grounds.

First, after Wells Fargo filed the instant motion, Plaintiffs filed a separate motion for a temporary restraining order. (Doc. 10.) Subsequently, the Court ordered the parties to file short briefs advising of the status of the alleged foreclosure action. (Doc. 34.) In response, Wells Fargo advised the Court that it had assigned its interest in Plaintiffs' mortgage to a third party. (Doc. 37, 37-1.) Thus, "Wells Fargo has no interest in the loan, so it has no plans to foreclose." (Doc. 37.) The Court ultimately denied Plaintiffs injunctive relief because they failed to show that "Wells Fargo or any other defendant has initiated or plans to initiate foreclosure proceedings. Consequently, Plaintiffs [had] not demonstrated that they face imminent irreparable harm[.]" (Doc. 38 at 1-2.)

Nevertheless, to the extent Plaintiffs still seek injunctive relief from Wells Fargo, they have failed to state a viable claim. In short, Plaintiffs cannot show a substantial likelihood of success on the merits.

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Green*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations

omitted). At all times, the burden of persuasion remains with the plaintiff as to each of the four elements. Specifically, a plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 361 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

Plaintiffs' requests fail on the very first element. Because the Court has already disposed of all of their claims, they cannot show any likelihood of success on the merits, much less a substantial one. Further, because Plaintiffs failed to meet their burden regarding the first listed necessary element, the Court need not address the other elements. Plaintiffs have failed to satisfy this requirement for injunctive relief, and this claim is dismissed.

### g. Declaratory Relief

In their final cause of action, Plaintiffs request a declaration from the Court that the securitization of the loan extinguished any interest Defendants held in the Property, and therefore Plaintiffs possess free and clear title. (*Pet.* ¶ 94, Doc. 1-2 at 62.) However, in such a situation as this, a request for a declaratory judgment need not be permitted if it adds nothing to the suit. *See Pan–Islamic Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir. 1980).

Here, the declarations Plaintiffs seek are entirely derivative of their other claims; that is, their declaratory judgment requests rely on the same arguments that the Court has already

17

considered and rejected. Furthermore, Plaintiffs seek the same relief through declaratory judgment that they do through their other claims—namely, that the Court invalidate the assignment of the mortgage and find that they hold title to the Property.

Thus, these redundant declaratory judgment claims will not survive a Rule 12(b)(6) motion. *See, e.g.*, *Edwards v. U.S. Bank N.A.*, No. 6:15-cv-02535, 2016 WL 4574585, at *6 (W.D. La. June 28, 2016) (dismissing cause of action for declaratory relief because it was duplicative of other claims).

In addition, the Fifth Circuit has explained that, when considering a declaratory judgment action, a district court must engage in a three-step inquiry to determine whether to decide or dismiss a complaint for declaratory relief. *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). "First, the court must determine whether the declaratory action is justiciable." *Taylor v. City of Baton Rouge*, 39 F. Supp. 3d. 807, 817 (M.D. La. 2014) (quoting *Orix*, 212 F.3d at 895). For a declaratory action to be justiciable it must seek to resolve an "actual controversy" rather than an abstract or hypothetical dispute. *Id.* Generally, an actual controversy exists when "a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Orix,* 212 F.3d at 896. Because Plaintiffs have not alleged that there are any rights to declare between them and Wells Fargo as servicer of their mortgage, no "actual controversy" exists.

As the Court has found that all of Plaintiffs claims either fail to state a claim or have been conceded, so there is no longer any basis for Plaintiffs' claim to declaratory relief. Accordingly, the Court hereby dismisses this claim.

### D. Leave to Amend

Federal Rules of Civil Procedure 15(a) "requires the trial court to grant leave to amend freely," and "the language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005) (internal citations omitted). However, "leave to amend is in no way automatic, but the district court must possess a 'substantial reason' to deny a party's request for leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citing *Jones*, 427 F.3d at 994). The Fifth Circuit further described the district courts' discretion on a motion to amend as follows:

> The district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of the amendment." *Jones*, 427 F.3d at 994. (citation omitted). "In light of the presumption in favor of allowing pleading amendments, courts of appeals routinely hold that a district court's failure to provide an adequate explanation to support its denial of leave to amend justifies reversal." *Mayeaux v. La. Health Serv. & Indent. Co.*, 376 F.3d 420, 426 (5th Cir. 2004) (citation omitted). However, when the justification for the denial is "readily apparent," a failure to explain "is unfortunate but not fatal to affirmance if the record reflects ample and obvious grounds for denying leave to amend." (citation and internal quotation marks omitted).

*Id.*, 751 F.3d at 378.

In addition, the Fifth Circuit has made clear that "denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Id.* (citing *Boggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)). An amendment would be deemed futile "if it would fail to survive a Rule 12(b)(6) motion." *Id.*

Here, the Court has substantial reason to deny Plaintiffs leave to amend. The *Petition* in this case appears to be a version of a form complaint available on the internet that has routinely

been dismissed by other U.S. district courts across the country.[4] *See, e.g., Taylor v. Wells Fargo Bank, N.A.,* 85 F. Supp. 3d 63 (D.D.C. 2015); *Lakiesha v. Bank of New York Mellon*, No. 3:15-CV-0901-B, 2015 WL 5934439 (N.D. Tex. Oct. 9, 2015); *Diamond v. Wells Fargo Bank, N.A.*, No. CV-14-00975-PHX-SPL, 2015 WL 9691031 (D. Ariz. June 30, 2015); *Kennedy v. World Sav. Bank, FSB*, No. 14-CV-5516-JSC, 2015 WL 1814634 (N.D. Cal. Apr. 21, 2015); *Dagres v. Countrywide Bank, N.A.,* No. 2:14-CV-1339-CAS, 2014 WL 3417848 (C.D. Cal. July 10, 2014), *appeal dismissed* (9th Cir. Sept. 25, 2014). Further, Plaintiffs form *Petition* has little to no applicability to Louisiana law and states incorrect elements of causes of action under Louisiana law. As a result, the Court finds that Plaintiffs have acted in bad faith, that any amendment would be futile, and that, consequently, Plaintiffs' claims will be dismissed with prejudice.

**IV.     Conclusion**

Accordingly,

**IT IS ORDERED** that *Wells Fargo Bank, N.A.'s Motion to Dismiss* (Doc. 4) is **GRANTED**, and Plaintiffs' claims against Defendant Wells Fargo are **DISMISSED WITH PREJUDICE.**

Signed in Baton Rouge, Louisiana, on *July 3, 2019.*

---

**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[4] *See* Sample Complaint, *available at*
http://www.certifiedforensicloanauditors.com/pdfs/SAMPLECOMPLAINT.pdf.