# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DARRELL BERRY, ET AL.**

**VERSUS**

**LOANCITY, ET AL.**

**CIVIL ACTION**

**NO. 18-888-JWD-RLB**

## RULING AND ORDER

This matter comes before the Court on the *Final Ruling and Oder (sic) for Civil Action No. 18-888-JWD-RLB Motion to Reconsider* (Doc. 44) (the "*MTR I*") filed by Plaintiffs Darrell Berry and Constance Lafayette ("Plaintiffs"). In the *MTR I*, Plaintiffs move for the Court to reconsider its *Ruling and Order* (Doc. 39) on *Wells Fargo Bank, N.A.'s Motion to Dismiss* (Doc. 4), which dismissed all of Plaintiffs' claims with prejudice and denied Plaintiffs leave to amend. Wells Fargo opposes the instant motion. (Doc. 46.) Plaintiffs have filed a reply (Doc. 47), Wells Fargo has filed a surreply (Doc. 52), and Plaintiffs seek leave to file a sur-surreply (Doc. 53), which is hereby granted. Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, *MTR I* is granted in part and denied in part.

## I.    Standard of Review

While the Federal Rules of Civil Procedure do not formally recognize the existence of motions for reconsideration (*e.g., Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)), courts customarily consider such motions under Rule 60(b) or Rule 59(e). *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). However, because Plaintiffs move to reconsider an interlocutory order, the motion is controlled by Rule 54(b) of the Federal Rules of Civil Procedure. Under this provision, any order or decision that adjudicates fewer than all the claims may be

revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. Fed. R. Civ. Proc. 54(b).

While the court has broad discretion to decide a Rule 54(b) motion to reconsider and the standard imposed is less exacting, courts consider factors that inform the Rule 59 and Rule 60 analysis. *McClung v. Gautreaux*, No. 11-263, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011) (Hicks, J.). Specifically, these factors include whether 1) the judgment is based upon a manifest error of fact or law; 2) newly discovered or previously unavailable evidence exists; 3) the initial decision was manifestly unjust; 4) counsel engaged in serious misconduct; and 5) an intervening change in law alters the appropriate outcome. *Livingston Downs Racing Ass'n, Inc v. Jefferson Downs Corp.*, 259 F.Supp.2d 471, 475-76 (M.D. La. 2002).

" 'Although courts are concerned with principles of finality and judicial economy, "the ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." ' " *Broyles v. Cantor Fitzgerald & Co*, No. 10-854, 2015 WL 500876, at *1 (M.D. La. Feb. 5, 2015) (Brady, J.) (quoting *Keys v. Dean Morris, LLP,* 2013 WL 2387768, at *1 (M.D. La. May 30, 2013) (quoting *Georgia Pacific, LLC v. Heavy Machines, Inc.,* 2010 WL 2026670, at *2 (M.D. La. May 20, 2010))). "Nevertheless, 'rulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration.' " *Id.* (quoting *Louisiana v. Sprint Communications Co.,* 899 F. Supp. 282, 284 (M.D. La. 1995)) .

Ultimately, a motion for reconsideration is an extraordinary remedy and should be used sparingly in the interest of finality and conservation of judicial resources. *Carroll v. Nakatani*, 342 F.3d 943, 945 (9th Cir. 2003). The court should deny a motion for reconsideration when the movant rehashes legal theories and arguments that were raised or could have been raised before the entry of the judgment. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). A motion

for reconsideration does not support old arguments that are reconfigured. *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316, n.18 (S.D. Tex. 1994).

## II.    Discussion

### A.    Parties' Arguments

Throughout their extensive briefing, Plaintiffs essentially make three main arguments. First, Wells Fargo misrepresented to the Court that it took no foreclosure action against Plaintiffs, as Wells Fargo had, in fact, initiated foreclosure in state court at one time.  Second, the underlying promissory note and mortgage have been canceled, and Wells Fargo fraudulently induced Plaintiffs to sign a refinance agreement, despite the fact that the mortgage and note were no longer valid.  And third, there are questions of material fact that justify the case proceeding.

Wells Fargo responds that (1) Plaintiffs are regurgitating old arguments; (2) Plaintiffs are focusing on the merits and not the appropriate Rule 12(b)(6) standard; (3) Plaintiffs are "invent[ing] new facts and causes of action after their claims against Wells Fargo were dismissed[,]" as there are new allegations of a different lender and that the Note was canceled "in direct contradiction to the allegations in the Complaint[,]" (Doc. 52 at 2); and (4) there is no "newly discovered evidence," as the documents submitted by Plaintiffs are several years old.

### B.    Analysis

Having carefully considered the matter, the Court will grant the motion in part and deny it in part.  As to the latter, the Court agrees with Wells Fargo that Plaintiffs have shown no error in the analysis of the *Ruling and Order* at issue.  As the Court recognized in its prior order, Plaintiffs lacked standing and failed to state viable claims against Wells Fargo.  Plaintiffs have done nothing to show that any of the Court's prior rulings on these issues were incorrect, much less substantially so.  Because Plaintiffs have shown no manifest error of law or fact making any of these dismissed

claims viable, the Court will affirm dismissal of these prior claims.  *See Williams v. E.I. du Pont de Nemours & Co.*, No. CV 14-382-JWD-EWD, 2016 WL 9384349, at *4 (M.D. La. Mar. 31, 2016) ("Thus, the Court's decision is neither manifestly unjust nor based upon manifest error of fact or law. The Court refuses to reconsider Plaintiff's reurged arguments of the cumulative effect of the alleged actions."); *Broyles*, 2015 WL 500876, at *1 ("In its Motion to Reconsider, the Funds repeat the same facts it previously asserted in the Second Amended Complaint and oppositions to motions to dismiss. The Funds fail to point this Court's attention to any newly discovered evidence that may satisfy the high burden for reconsideration.")

However, the Court also agrees with Wells Fargo that Plaintiffs have raised new issues and potential claims not previously addressed in the Court's prior *Ruling and Order*.  These specifically include the allegations that (1) the promissory note and mortgage and note were cancelled and that Wells Fargo fraudulently induced Plaintiffs to sign a re-finance agreement, and (2) Wells Fargo did in fact foreclose against Plaintiffs in state court, and this state court suit is still pending.  The Court recognizes that Plaintiffs could have raised these claims on their original motion to dismiss but failed to do so.  Nevertheless, the Court must emphasize again that "[a]lthough courts are concerned with principles of finality and judicial economy, the ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *Broyles*, 2015 WL 500876, at *1 (citations and internal quotations omitted).  This is particularly true given the following principles recognized by this Court:

> The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that the plaintiff be given every opportunity to cure a formal defect in the pleading. This is true even when the district judge doubts that the plaintiff will be able to overcome the shortcomings in the initial pleading. Thus, the cases make it clear that leave to amend the complaint should be refused only if it appears to a certainty that the plaintiff cannot state a claim. A district court's refusal to allow leave to amend is reviewed for abuse of discretion by the court of appeals. A wise judicial practice (and one that is

4

commonly followed) would be to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the district court will be able to determine conclusively on the face of a defective pleading whether the plaintiff actually can state a claim for relief.

*JMCB, LLC v. Bd. of Commerce & Indus.*, 336 F. Supp. 3d 620, 642 (M.D. La. 2018) (quoting 5B Charles A. Wright, Arthur R. Miller, et al., Federal Practice and Procedure § 1357 (3d ed. 2016)). In sum, while the Court made no error in its prior ruling in dismissing Plaintiffs' claims, given the new allegations raised by Plaintiffs, the Court finds that there is substantial reason in the interest of justice to give them thirty (30) days in which to amend their complaint and state a viable claim.

However, the Court wishes to caution Plaintiffs. They have a habit in this case of filing multiple briefs, including sur-replies and sur-sur-replies. This will no longer be allowed. Absent extraordinary circumstances, for any motion, Plaintiffs will only be allowed to file an original memorandum and a reply, or an opposition, as the case may be.

Similarly, Plaintiffs are being granted an additional opportunity to amend their complaint. But, Plaintiffs must be warned that " 'repeated failures to cure deficiencies by amendments previously allowed' is a factor to consider when granting or denying leave to amend, as is undue delay." *Apollo Energy, LLC v. Certain Underwriters at Lloyd's, London*, 387 F. Supp. 3d 663, 679 (M.D. La. 2019) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)). In short, Plaintiffs have been granted a second bite of the apple. They likely will not be given a third.

Lastly, Plaintiffs are again advised that, "a *pro se* litigant is not exempt . . . from compliance with the relevant rules of procedural and substantive law." *NCO Financial Systems, Inc. v. Harper–Horsley*, No. 07–4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008). This means that Plaintiffs must comply with Rule 11 of the Federal Rules of Civil Procedure. Specifically, by submitting an amended complaint to the Court, Plaintiffs are certifying that, to the best of their

"knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[ ] . . . the claims . . . and other legal contentions are warranted by existing law or by a nonfrivilous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). The Plaintiffs' initial complaint and many of their submissions came close to or exceeded this line, and the Court cautions the Plaintiffs against doing so again, particularly after being given this warning.

### III.    Conclusion

Accordingly,

**IT IS ORDERED** that *Plaintiff's Motion for Leave to File Sur-Reply* (Doc. 53) is **GRANTED;**

**IT IS FURTHER ORDERED** that the *Final Ruling and Oder (sic) for Civil Action No. 18-888-JWD-RLB Motion to Reconsider* (Doc. 44) filed by Plaintiffs is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** in Plaintiffs shall be given thirty (30) days in which to amend the operative complaint to attempt to state a viable claim against Wells Fargo. In all other respects, Plaintiff's motion is **DENIED**.

Signed in Baton Rouge, Louisiana, on November 6, 2019.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**