## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**DARRELL BERRY, ET AL.**                                **CIVIL ACTION**

**VERSUS**

                                                         **NO. 18-888-JWD-SDJ**

**LOANCITY, ET AL.**

### RULING AND ORDER

This matter comes before the Court on three Motions to Dismiss (Docs. 79, 84, and 85), two filed by Defendants Federal Home Loan Mortgage Corporation, Freddie Mac Multiclass Certificates Series 3113 Trust, and Mortgage Electronic Registration System (collectively, "Freddie Mac Defendants") (Docs. 79 and 85) and one filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo") (Doc. 84). Plaintiffs Darrell Berry and Constance Lafayette oppose the motions. (Docs. 87, 107, and 108). The Court has carefully considered the law, facts in the record, and arguments and submissions of the parties. For the following reasons, the motions are **GRANTED**, and Plaintiffs' claims against all Defendants are **DISMISSED WITH PREJUDICE**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed suit in state court on August 20, 2018, asserting a variety of claims against LoanCity, Wells Fargo Bank, N.A. ("Wells Fargo"), Federal Home Loan Mortgage Corporation ("Freddie Mac"), Freddie Mac Multiclass Certificates, Series 3113 Trust, Mortgage Electronic Registration System ("MERS"), and Does 1–100. (Doc 1-2 at 51–52 ¶¶ 4–11). Specifically, Plaintiffs claims are for: (1) lack of standing/wrongful foreclosure; (2) unconscionable contract; (3) breach of contract against LoanCity/MERS; (4) breach of fiduciary duty; (5) quiet title; (6) slander of title; (7) injunctive relief; and (8) declaratory relief. (*Id.* at 56–62 ¶¶ 38-94). Defendants removed the case to federal court on October 15, 2018. (Doc. 1).

According to Plaintiffs' initial Petition, on December 27, 2005, Plaintiffs executed a negotiable promissory note for real property located at 8338 Greenmoss Drive, Baton Rouge, Louisiana 70806. (Doc. 1-2 at 51, 55 ¶¶ 3, 27).  The promissory note was secured by a mortgage in the amount of $184,000.  (*Id.* at 55 ¶ 27).  The "Original Lender" of the note and mortgage was LoanCity, and MERS served as nominee. (*Id.* at 51, 52 ¶¶ 4, 9).  The December 27, 2005 negotiable promissory note and mortgage were recorded on January 4, 2006.  (*Id.* at 55 ¶ 28).

Plaintiffs then allege, upon information and belief, that the promissory note was "sold, transferred, assigned and securitized into the Freddie Mac Multiclass Certificates, Series 3113 with an issue date of February 27, 2006." (*Id.* at 56 ¶ 29).  After this assignment, MERS did not record any assignment of the Deed of Trust in the Parish of East Baton Rouge Recorder's Office. (*Id.* at 56 ¶ 31).  Subsequently, on November 13, 2012, MERS, as nominee for LoanCity, "attempt[ed]" to assign the mortgage to Wells Fargo. (*Id.* at 56 ¶¶ 32-33).  The November 13, 2012 assignment occurred about seven years after the loan originated.[1] (*Id.* at 56 ¶ 35).

Plaintiffs assert that Defendant Wells Fargo lacks authority to enforce the mortgage due to an improper securitization and subsequent assignment. (Doc. 1-2 at 54 ¶ 21).  Plaintiffs believe that "Defendants participated in a transactional scheme whereby a purported Tangible Note is converted/exchanged for a Payment Intangible asset to provide an alternative investment offering via Special Deposit to certificate or bond holders[.]" (*Id.* at 53 ¶ 15).  Ultimately, Plaintiffs believe that LoanCity "unlawfully purported to assign, transfer, or convey its interest in Plaintiffs' Note[,]" and thus Defendants do not have a colorable claim on the mortgage. (*Id.* at 53, 55 ¶¶ 18, 22).

On October 12, 2018, both Wells Fargo and the Freddie Mac Defendants filed Motions to Dismiss for Failure to State a Claim (Docs. 4 and 5).  This Court, on July 3, 2019, granted Wells

---

[1] On March 19, 2018, after the Petition was filed, Wells Fargo assigned the note to a third party, Specialized Loan Servicing LLC. (Doc. 37 at 2).

Fargo's Motion, dismissing Plaintiffs' claims against Wells Fargo with prejudice (Doc. 39). Similarly, this Court granted the Motion filed by the Freddie Mac Defendants on September 17, 2019, also dismissing Plaintiffs' claims against the Freddie Mac Defendants with prejudice (Doc. 58).[2]   Plaintiffs subsequently appealed these decisions to the Fifth Circuit Court of Appeals.[3] (Docs. 45 and 62).

Plaintiffs also filed Motions for Reconsideration of this Court's dismissals of its claims against Wells Fargo (Doc. 44) and against the Freddie Mac Defendants (Doc. 54), which this Court subsequently granted in part and denied in part (Docs. 68 and 70).  With regard to Wells Fargo, this Court found that because Plaintiffs failed to show an error of law or fact in the Court's prior order of dismissal, the dismissal of those prior claims was affirmed.  (Doc. 68 at 3-4).  This Court also found, however, that Plaintiffs potentially raised new issues and claims not previously addressed, specifically "that (1) the promissory note and mortgage note were cancelled and that Wells Fargo fraudulently induced Plaintiffs to sign a re-finance agreement, and (2) Wells Fargo did in fact foreclose against Plaintiffs in state court, and this state court suit is still pending." (*Id.* at 4).  As such, this Court gave Plaintiffs thirty days in which to amend their Petition to attempt to assert a viable claim against Wells Fargo.  (*Id.* at 6).  Similarly, with regard to the Freddie Mac Defendants, this Court also gave Plaintiffs thirty days to amend their Petition to state a viable claim against the Freddie Mac Defendants, again finding that while Plaintiffs failed to show the Court erred in its opinion granting dismissal, they did present some "potential new claims." (Doc. 70 at 1).  In both rulings, this Court cautioned Plaintiffs that they were subject to the obligations of Rule 11 of the Federal Rules of Civil Procedure.  (Doc. 68 at 5-6; Doc. 70 at 1).

---

[2] This Court's Opinion (Doc. 58) adopted a Report and Recommendation by the Magistrate Judge recommending dismissal (Doc. 49).
[3] One appeal, No. 19-30610, has since been dismissed for failure to prosecute.  The other appeal, No. 19-30836, appears to still be pending.

Within the thirty-day allotment, Plaintiffs filed an Amended Petition on December 5, 2019 (Doc. 71). Plaintiffs subsequently filed a second "Amended Petition with Exhibits A-O" on December 31, 2019 (Doc. 78). The Freddie Mac Defendants then filed their first Motion to Dismiss at issue here (Doc. 79) on January 3, 2020, and, following a third Amended Petition filed by Plaintiffs (Doc. 81), the Freddie Mac Defendants filed their second Motion to Dismiss now before the Court (Doc. 85). Wells Fargo filed a Motion to Dismiss (Doc. 84) as well, which also is the subject of this Ruling and Order. Plaintiffs oppose Defendants' Motions to Dismiss, filing multiple oppositions thereto (Docs. 87, 107, and 108).

## II.    LAW AND ANALYSIS

### A.    Applicable Law

#### 1.    Rule 12(b)(6) Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part thereof, for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Shiell v. Jones*, No. 19-848, 2020 WL 2331637, at *10 (E.D. La. May 11, 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Shiell*, 2020 WL 2331637, at * 10 (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1949).

A court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). "Dismissal is appropriate when the complaint on its face shows a bar to relief." *Shiell*, 2020 WL 2331637, at * 10 (quoting *Cutrer v. McMillan*, 308 Fed.Appx. 819, 820 (5th Cir. 2009)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1950. A court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966 (2007). In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340-41 (5th Cir. 2011).

### 2.      Pro Se Litigants

The Court continues to acknowledge that Plaintiffs are proceeding in this litigation *pro se*. (Doc. 1-2 at 51, 63.) *Pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972); *see also SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a *pro se* plaintiff's] allegations and briefs more permissively"). Further, a court must liberally construe a *pro se* complaint, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam). Nevertheless, "a *pro se* litigant is not exempt . . . from compliance with relevant rules of procedural and substantive law." *NCO*

*Fin. Systems, Inc. v. Harper–Horsley*, No. 07–4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). As such, a *pro se* plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson,* 999 F.2d at 100 (citation omitted).

Additionally, "[a] liberal reading of plaintiff's pleadings is the only special treatment afforded *pro se* plaintiffs by the courts." *Kiper v. Ascension Parish Sch. Bd*., No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015) (citing *Callahan v. C.I.R.*, No. 99-0295, 2000 WL 1141607, at *1 (M.D. La. Apr. 10, 2000)). A "court is not required to search for or try to create causes of actions or find material issues of fact for *pro se* plaintiffs." *Id.* And a *pro se* litigant is not entitled to greater rights than would be a litigant represented by a lawyer." *NCO Fin. Systems*, 2008 WL 2277843, at *3 (citing *Birl*, 660 F.2d at 593).

### B.    Discussion

#### 1.    Governing Amended Petition

At the outset, the Court notes that in this Court's prior rulings granting in part Plaintiffs' Motions to Reconsider, Plaintiffs were "given thirty (30) days in which to amend the operative complaint" (Doc. 68 at 6; *see* Doc. 70 at 1). Plaintiffs timely filed their first Amended Petition on December 5, 2019 (Doc. 71). Subsequently, Plaintiffs filed two additional Amended Petitions— "Amended Petition with Exhibits A-O" (Doc. 78), filed on December 31, 2019, and "Amended Petition with Exhibits E1, F, 0 on Pages 7, 14, 16, 19 and 31" (Doc. 81), filed on January 3, 2020— both of which were filed outside of the time allotted and without first obtaining the "opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because Plaintiffs' second and third Amended Petitions were filed without complying with Rule 15 of the Federal Rules of

Civil Procedure, they will be stricken from the record, and the first Amended Petition (Doc. 71) is the governing Petition in this litigation.[4]

### 2.    Failure to State a Cognizable Claim

Despite being given the opportunity to amend their Petition, Plaintiffs' allegations once again fail to set forth a legally cognizable claim against Defendants. The Court will first address Plaintiffs' general assertions regarding the securitization of the loan and the validity of the assignment and will then discuss the new claims Plaintiffs raise against the different Defendants.

### a.    General Allegations

As explained in this Court's prior Rulings initially dismissing Plaintiffs' case, Plaintiffs' Petition, and now Amended Petition, are based on legal theories that have been resoundingly rejected by federal courts across the country. The general basis for Plaintiffs' claims has not changed and remains the alleged improper securitization of their mortgage.

Specifically, the bases for Plaintiffs' claims stem from the contention that their mortgage was improperly securitized and/or pooled, making any subsequent assignment invalid. However, neither theory has merit. *See, e.g., Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) (discussing and rejecting the theory that a mortgage was allegedly "split" from the note through securitization, rendering the note unenforceable); *Marban v. PNC Mortg.*, No. 12-cv-3952-M, 2013 WL 3356285, at *10 (N.D. Tex. July 3, 2013) (finding meritless the theory that any securitization of the loan rendered the note and accompanying deed of trust unenforceable and discharged a borrower's obligations under them); *Beebe v. Fed. Nat'l Mortg. Ass'n*, No. 13–cv-

---

[4] In its Motion to Dismiss, Wells Fargo notes that Plaintiffs' second Amended Petition (Doc. 78) was filed without leave of Court or consent of the other parties in violation of Rule 15. (Doc. 84-1 at 1 n. 1). Wells Fargo states that it is responding to the second Amended Petition (Doc. 78) and requests that, if the Court strikes the second Amended Petition, Wells Fargo be granted leave to respond to the first Amended Petition. (Doc. 84-1 at 1 n. 1). Because Wells Fargo's arguments in its Motion to Dismiss are applicable to the first Amended Petition, the Court will interpret Wells Fargo's Motion to Dismiss as applying to the governing Amended Petition (Doc. 71).

311-JCM-GWF, 2013 WL 3109787, at *2 (D. Nev. June 18, 2013) ("[t]he securitization argument has been repeatedly rejected . . . because it does not alter or change the legal beneficiary's standing to enforce the deed of trust"); *Henkels v. J.P. Morgan Chase*, No. 11–0299-PHX-JAT, 2011 WL 2357874, at *7 (D. Ariz. June 14, 2011) (rejecting claim "that securitization has had any impact on [plaintiff's] obligations under the loan" and noting that numerous courts have rejected similar claims).

Plaintiffs' underlying claims are all predicated on the theory that, because the Deed of Trust, as Plaintiffs' referred to it in their initial Petition, or the Mortgage, as it is primarily referred to in Plaintiffs' Amended Petition, was improperly securitized and/or pooled, Defendants have "failed to perfect any security interest in the Real Property." (Doc. 71 at 14). The Sixth Circuit has noted that district courts "have entertained a spate of civil actions" related to mortgages and securitization of the underlying loans, describing many of these cases as "scattershot affairs, tossing myriad (sometimes contradictory) legal theories at the court to see what sticks." *Thompson v. Bank of Am., N.A.,* 773 F.3d 741, 748 (6th Cir. 2014). Here, even accepting the allegations as true and liberally construing Plaintiffs' claims, this Court finds that none of the claims "stick."

By way of example, Plaintiffs' reurged claim for wrongful foreclosure alleges that "Defendants…have failed to perfect any security interest in the Real Property collateral, or cannot prove to the Court they have a valid interest as a real party in interest to the underlying Mortgage." (Doc. 71 at 14-15). Likewise, Plaintiffs' reurged claim for quiet title alleges that "Defendants are without any legal right whatsoever, and [they] have no estate, title, lien or interest in or to the Real Property." (Doc. 71 at 26). So, too, is Plaintiffs' reurged claim for slander of title based on the theory of improper securitization/pooling. *See* Doc. 71 at 27 ("Such instruments remained unrecorded as 'Secret Leins' within the collateral file and was never submitted for recordation to

perfect Defendant's rights to the Accommodated Tangible Note and pledged Mortgage lien…"). Because all of Plaintiffs' claims remain based on the flawed allegation of an invalid securitization of the loan and/or the allegedly invalid assignment of the Note or Deed of Trust, the Court dismisses them for failure to state a viable claim.

Furthermore, Plaintiffs still lack standing to challenge the assignment of the mortgage to Wells Fargo. As explained in detail in this Court's grant of Wells Fargo's first Motion to Dismiss, "[i]n the context of a mortgage assignment, a mortgagor, or borrower, does not have standing to allege that an assignment between two third parties is invalid." (Doc. 39 at 8) (citing *Ezell v. Payne*, No. 16-1166, 2017 WL 891768 (W.D. La. Jan 31, 2017)). "Thus, as non-party mortgagors, and without any allegations showing Plaintiffs to be an intended third-party beneficiary, this Court concludes that Plaintiffs lack the requisite standing to contest the validity of the assignment at issue." (*Id.*). This remains the case here.

**b.    Previously-Asserted Claims against Defendants**

In their Amended Petition, Plaintiffs assert the exact same eight (8) causes of action against Defendants as they did in their original Petition, all of which were dismissed with prejudice.[5] In granting Plaintiffs' Motion for Reconsideration against Wells Fargo in part, this Court specifically found that "[b]ecause Plaintiffs have shown no manifest error of law or fact making any of these dismissed claims viable, the Court will affirm dismissal of these prior claims." (Doc. 68 at 3-4). The Court made the same finding when granting Plaintiffs' Motion for Reconsideration against the Freddie Mac Defendants, stating "Plaintiffs have failed to show that the Court made any error in its prior *Opinion* (Doc. 58)." (Doc. 70 at 1). Thus, the Court has previously affirmed its dismissal of those prior allegations and causes of action without leave to amend and will not

---

[5] Those causes of action are (1) lack of standing/wrongful disclosure; (2) unconscionable contract; (3) breach of contract; (4) breach of fiduciary duty; (5) quiet title; (6) slander of title; (7) injunctive relief; and (8) declaratory relief.

Document Number: 62374

entertain them again here.  To the extent Plaintiffs are attempting to reallege claims under the same causes of action previously dismissed, those claims remain dismissed with prejudice, notwithstanding the allegations in Plaintiffs' Amended Complaint.

### c.    New Claims against Defendants

While the vast majority of Plaintiffs' Amended Complaint reiterates the allegations and causes of action previously asserted by Plaintiffs in their original Petition, Plaintiffs do assert two new allegations against Defendants.  First, Plaintiffs allege that Wells Fargo falsely told the Court that it had not foreclosed on Plaintiffs' property.  Second, Plaintiffs allege that the mortgage and note at issue here previously had been cancelled, and that subsequent conveyance of same was fraudulent.  The Court addresses each in turn.

### i.    Wells Fargo's alleged claim it was not foreclosing on Plaintiffs' property

In their Amended Petition, Plaintiffs allege that Wells Fargo made a false statement to this Court regarding whether or not it had foreclosed on Plaintiffs' property.  In its Memorandum in Support of its Motion to Dismiss, which was filed shortly after Defendants removed this case to this Court, Wells Fargo asserted: "Plaintiffs have not alleged that Wells Fargo has invoked foreclosure proceedings against the Plaintiffs property, so Plaintiffs are not facing any substantial threat of irreparable harm at the hands of Wells Fargo."  (Doc. 4-1 at 15).  Because Plaintiffs had requested a temporary restraining order be issued to prevent seizure of their home,[6] this Court ordered the parties to file briefs regarding "the status of the alleged foreclosure action, with supporting evidence."  (Doc. 34).  In its response, filed on April 17, 2019, Wells Fargo stated, in part, that: "Wells Fargo assigned its interest in the Plaintiffs' Mortgage to Specialized Loan

---

[6] On October 25, 2018, Plaintiffs filed a "Motion for Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction, and Declaratory Relief" (Doc. 10).  In it, they seek relief to prevent foreclosure of their home, which property is the property financed by the various mortgages and notes here at issue.

Servicing LLC on March 19, 2018…. Now that it has assigned Plaintiffs' Mortgage to Specialized

Loan Servicing LLC, Wells Fargo has no interest in the loan, so it has no plans to foreclose. Wells

Fargo is unaware if any other entity has plans to foreclose on Plaintiffs' property." (Doc. 37 at 2).

According to Plaintiffs, "Wells Fargo committed perjury to the Court with the deliberate

false statement to a material fact in violation of 18 U.S.C. 1623" because Wells Fargo previously

filed suit in state court against Plaintiffs for foreclosure on their property. (Doc. 71 at 15). Per

Plaintiffs, this state court action "is still Active [sic] and has not been rescinded." (*Id.*). Plaintiffs

continue by alleging that if Wells Fargo truly assigned the debt March 19, 2018, then it could not

have properly issued the Notice of Seizure to Plaintiffs more than 30 days later, on April 24, 2018.

(*Id.* at 16). Plaintiffs further note that on April 23, 2018, Wells Fargo filed with the state court

Clerk's Office "an Ex Parte Motion and Order to Substitute Party Plaintiffs naming Specialized

Loan Servicing LLC as the substitute party plaintiff," meaning that Wells Fargo's statement that

"it is unaware if any other entity has plans to foreclose on Plaintiffs property" is untrue. (*Id.*).

Thus, Wells Fargo "did foreclose on the Plaintiffs and yet told the court they did not." (*Id.*).

Wells Fargo, in its Motion to Dismiss, responds by claiming that Plaintiffs' entire

arguments is based on the Notice of Seizure being filed by the East Baton Rouge Parish Sheriff's

Office over a month after Wells Fargo had assigned its interest to Specialized Loan Servicing LLC

("Specialized"). (Doc. 84-1 at 2). Wells Fargo notes that it did not issue this Notice of Seizure

and that it does not know the status of the foreclosure lawsuit because it has assigned its interest

in the subject loan. (*Id.*). Further, Wells Fargo claims that while Plaintiffs allege Wells Fargo

foreclosed on their property, they have not alleged either that Wells Fargo has taken any action

toward said foreclosure after assigning its loan interest to Specialized or that any foreclosure sale

has occurred. (*Id.*). Per Wells Fargo, it "has never disputed that it originally brought an action

against Plaintiffs to begin the process of foreclosure, only that it assigned the loan to SLS and did not know the status of any foreclosure sale." (*Id.* at 8). Wells Fargo, therefore, claims that its "representation to the Court regarding foreclosure was accurate, and this allegation cannot serve as the basis for any cause of action against Wells Fargo." (*Id.* at 2-3).

18 U.S.C. § 1623, prohibiting perjury, is a federal criminal statute. *See Smith v. Wilmington Savings Fund Soc'y FSB as Trustee for Stanwich Mortgage Loan, Trust*, No. 18-2065, 2019 WL 2996571, at \*11 (N.D. Tex. June 14, 2019) (citations omitted). "Private citizens do not have the right to bring a private action under a federal criminal statute." *Id.* (citations omitted). "They cannot enforce federal criminal statutes in a civil action." *Id.* (citation omitted); *see also Tummel v. Milane*, No. 18-339, 2019 WL 366708, at \*7 (S.D. Tex. Jan. 30, 2019) (finding that "allegations of perjury are not properly before a trial court in a civil proceeding and must take place within the context of a criminal proceeding"). As such, Plaintiffs do not have the right or ability to make a claim against Wells Fargo based on alleged violation of a federal criminal statute.

However, the Court does note that "[s]hould a federal judge develop a reasonable basis for believing that the criminal act of perjury has occurred, then the judge is to refer the matter to the United States Attorney for handling by the executive branch of government." *Prudhomme v. Russell*, No. 17-1344, 2018 WL 6928918, at \*8 (W.D. La. Dec. 17, 2018) (citing *In re Actos (Pioglitazone) Prods. Liab. Litig.*, No. 12-0064, 2014 WL 2624943, at \*5 (W.D. La. June 11, 2014)). The Court here, though, does not find that Wells Fargo made a false statement warranting action. Wells Fargo simply noted that Plaintiffs had not alleged that it had invoked foreclosure proceedings against Plaintiffs' property; it did not state it had not instituted foreclosure proceedings. Further, as Wells Fargo points out, the East Baton Rouge Parish Sheriff's Office issued the Notice of Seizure, not Wells Fargo, which, at that time, had already assigned its interest

in the note to Specialized.  It is reasonable that Wells Fargo, having assigned its interest in the note

on Plaintiffs' property to Specialized and, therefore, no longer having an interest in the loan, has

no plans to foreclose on Plaintiffs' property.  Likewise, Wells Fargo's statement that it is unaware

if any other entity has plans to foreclose on Plaintiffs' property also, without additional evidence,

does not appear false.  Plaintiffs have provided no evidence or indication that Specialized

confirmed its plans to continue foreclosure—or not—on Plaintiffs' property with Wells Fargo.  As

such, this Court does not believe perjury has occurred, and Plaintiffs have failed to assert a valid

claim against Wells Fargo.

### ii.    Conveyance of cancelled mortgage

Plaintiffs' second new allegation is that the mortgage and note at issue here previously had

been cancelled, meaning subsequent conveyance of same was fraudulent.  This is predicated on

Plaintiffs' new assertion that, contrary to their allegations in their initial Petition, Equifirst was the

original lender, with LoanCity giving a "purported refinance of original note under the Mortgage."

(Doc. 71 at 5).  Thus, per Plaintiffs, because the Equifirst note was cancelled, the LoanCity loan

and all subsequent transfers thereof were fraudulent.  (Doc. 71 at 2, 9, 12, 13, 16, 17, 22-23).

In its Motion to Dismiss, Wells Fargo responds to this allegation, arguing that "throughout

the Amended Petition, Plaintiffs allege that the note and mortgage at issue are dated December 27,

2005," which is the loan with LoanCity.[7]  (Doc. 84-1 at 9).  Per Wells Fargo, "Plaintiffs' entire

argument is that their mortgage and note have been cancelled by the Affidavit of Lost Note and

Authorization to Cancel Mortgage, but this document cancels a mortgage and note from 2002 with

Equifirst Corporation, while the mortgage and note here—by Plaintiffs' own admission—are from

---

[7] The Court notes that in their Motion to Dismiss, the Freddie Mac Defendants, in response, mistakenly assert that this new allegation by Plaintiffs applies only to Wells Fargo.  (Doc. 85-1 at 3).  While Plaintiffs' claim is not a valid one, as discussed in detail below, the Freddie Mac Defendants are, indeed, implicated in Plaintiffs' allegations.

2005 with LoanCity." (*Id.*).  Thus, the Affidavit of Lost Note and Authorization to Cancel Mortgage has no impact on the validity of the 2005 LoanCity mortgage and note.  (*Id.*).

The Court notes that with regard to this new allegation that Defendants transferred a cancelled mortgage, Plaintiffs make copious allegations of various types of fraud, again seemingly trying to see what, if anything, will stick.  Plaintiffs' diverse and multiple claims for different types of fraud, all of which are unfounded, suggest to the Court that Plaintiffs are simply making frivolous accusations rather than considered, legitimate arguments.  However, in an abundance of caution, the Court will address each type alleged, in turn, below.

### A.    Wire Fraud

Plaintiffs first allege that Wells Fargo committed wire fraud in violation of criminal statute 18 U.S.C. § 1343.  Per Plaintiffs, because Wells Fargo "was both the servicer and mortgage holder" of the note and mortgage that Plaintiffs claim were cancelled in 2006, Wells Fargo "conveyed rights to an unenforceable note through an act of assignment to another party a note and mortgage they knew or should have known were canceled."  (Doc. 71 at 6).  As such, "[a]ccording to the Plaintiffs beliefs this may have allegedly instituted Wire Fraud according to 18 U.S. Code § 1343." (*Id.*).

However, like the perjury statute discussed above, 18 U.S.C. § 1343 is a federal criminal statute.  *Smith*, 2019 WL 2996571, at *11 (citations omitted).  Once again, "[p]rivate citizens do not have the right to bring a private action under a federal criminal statute" and "cannot enforce federal criminal statutes in a civil action."  *Id.* (citation omitted); *see also Napper v. Anderson, Henley, Shields, Bradford & Pritchard*, 500 F.2d 634, 636 (5th Cir. 1974) (holding that the Wire Fraud Act, codified in 18 U.S.C. § 1343, is a criminal statute that does not convey a private right

of action).  "Accordingly, any claims under th[is] federal criminal statute[] should be dismissed for failure to state a claim."  *Smith*, 2019 WL 2996571, at *11.

## B.     Mortgage Fraud

In their Amended Petition, Plaintiffs also allege that Defendants, in engaging in a "refinance loan" of Plaintiffs' cancelled loan and subsequently transferring same, they engaged in mortgage fraud, in violation of La. R.S. § 14:71.3, which is part of the Louisiana Criminal Code. (Doc. 71 at 19-20, 21, 27).  "As with violations of federal statutes, a state criminal statute does not, without clear indication of such intent, give rise to a private cause of action."  *Smith*, 2019 WL 2996571, at *11; *see also Tummel*, 2019 WL 366708, at *7 (finding same).   La. R.S. § 14:71.3 does not give rise to a private cause of action.[8]  As such, this claim, too, should be dismissed for failure to state a claim

## C.     Fraudulent Conveyance

Plaintiffs next allege that "MERS by its assignment of instrument from LoanCity to Wells Fargo seemingly committed a fraudulent conveyance thereby committing [sic] <u>LA Rev Stat 22:2021</u>.  Wells Fargo [sic] subsequent transfer of assignment should also be deemed as perceived fraudulent conveyance."  (Doc. 71 at 28) (underline in original).  However, La. R.S. § 22:2021,[9] which is part of the Louisiana Insurance Code, pertains to fraudulent transfer made "prior to the

---

[8] According to La. R.S. § 14:71.3: (A) It is unlawful for a person, in connection with residential mortgage lending activity, to knowingly do any of the following: (1) Employ a device, scheme, or artifice with intent to defraud.  (2) Make an untrue statement of material fact with intent to defraud.  (3) Receive any portion of the purchase, sale, or loan proceeds, or any other consideration paid or generated in connection with the closing of a residential mortgage loan when the recipient knows that the proceeds or other funds were paid as a result of a violation of this Section. (B)(1) A person who violates the provisions of this Section shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than one hundred thousand dollars, or both.  (2) In addition to the penalties provided in Paragraph (1) of this Subsection, a person convicted under the provisions of this Section shall be ordered to make full restitution to the victim and any other person who has suffered a financial loss as a result of the offense.  If a person ordered to make restitution pursuant to this Section is found to be indigent and therefore unable to make restitution in full at the time of conviction, the court shall order a periodic payment plan consistent with the person's financial ability…."  The omitted section simply defines certain terms in the statute.
[9] Formerly cited as La. R.S. 22:745.1.

Document Number: 62374

filing of a successful petition for rehabilitation or liquidation pursuant to this Chapter," *i.e.*, rehabilitation or liquidation of an insurance company.  *See Brown v. Risk Exch., Inc.*, 95-2199 (La. App. 1 Cir. 5/10/96), 674 So. 2d 484, 487, *writ denied*, 96-1501 (La. 9/20/96), 679 So. 2d 442. Because neither MERS nor any other Defendant is an insurer, this provision is wholly inapplicable here, and no violations thereof have occurred.

### D.     General Fraud

Throughout their Amended Petition, Plaintiffs claim that Defendants acted fraudulently and/or committed fraud against Plaintiffs in transferring what Plaintiffs allege is a cancelled mortgage and note.  For example, Plaintiffs allege that "LoanCity committed fraud in the dictum and factum by presenting to Plaintiffs the refinancing an unenforceable note [sic]."  (Doc. 71 at 2). With regard to "MERS [sic] fraudulent behavior," Plaintiffs allege that "MERS was never authorized by the Original Lender Equifirst to assign the mortgage to LoanCity" and that "MERS as LoanCity's assessor assigned the note and mortgage fraudulently to Wells Fargo Bank, N.A." (*Id.* at 11,12).  Similarly, Plaintiffs allege that the transfer of the LoanCity note to the Freddie Mac Multiclass Certificates Series 3113 Trust "should be considered invalid because the instrument was based upon alleged fraud."  (*Id.* at 13).  And again, "[y]et, the transfer [of the note by Wells Fargo] does not absolve LoanCity and Wells Fargo, MERS, Et. Al. of their willful acts to defraud clients in reference to a purported refinance of a note that had already been deemed as lost and cancelled and mortgage cancelled."  (*Id.* at 16).

"Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." *Bradford v. Law Firm of Gauthier Houghtaling & Williams, LLP*, No. 13-2407, 2013 WL 6279687, at *4 (E.D. La. Dec. 4, 2013).  The elements of a claim for fraud include: (1) a

misstatement or omission, (2) of material fact, (3) made with the intent to defraud, (4) on which

the plaintiff relied, and (5) which proximately caused the plaintiff's injury.  *Id.* (citing *Williams v.*

*WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)); *see also Wilson v. GMFS LLC*, No. 18-840,

2019 WL 8301667, at *5 (M.D. La. May 24, 2019) ("To establish fraud, Plaintiff was required to

allege that there was a misrepresentation of a material fact, made with the intent to deceive, which

caused justifiable reliance with resultant injury.") (citing *Guidry v. U.S. Tobacco Co., Inc.*, 188

F.3d 619, 627 (5th Cir. 1999)).  In addition, Federal Rule of Civil Procedure 9 requires that the

circumstances constituting fraud be pled with "particularity."  Fed. R. Civ. P. 9(b).  Under this

"particularity" requirement, "the party asserting the fraud claim must allege 'the existence of acts

and circumstances sufficient to warrant the pleaded conclusion that fraud ha[s] occurred."

*Bradford*, 2013 WL 6279687, at *4 (quoting *In re Haber Oil Co.*, 12 F.3d 426, 439 (5th Cir.

1994)).

According to the Fifth Circuit, pleading fraud with particularity requires "time, place and

contents of the false representations, as well as the identity of the person making the

misrepresentation and what [that person] obtained thereby."  *Williams*, 112 F.3d at 177 (quoting

*Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)).  Thus, "[a]t a

minimum, Rule 9 requires that a plaintiff set forth the who, what, when, where, and how of the

alleged fraud."  *Bradford*, 2013 WL 6279687, at *4 (quoting *U.S. ex rel. Williams v. Bell*

*Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005)) (internal quotations omitted).

However, the defendant's state of mind, including malice, intent, and knowledge, may be generally

averred.  *Id.*

Here, the Court finds that Plaintiffs have failed to plead their claim of fraud with the

requisite specificity or particularity.  Plaintiffs do not allege the time, place, or contents of any

false representations made, or what the companies transferring the loan obtained through any such false representations. For example, while Plaintiff alleges that "Defendant LOANCITY presented in the origination of a 'refinance loan' as though an original note existed to refinance and that it had controllable interest in an existent mortgage," (Doc. 71 at 21), they do not specify who at LoanCity spoke to Plaintiffs, what, if anything, was said with regard to the Equifirst loan, when the alleged misrepresentation occurred, that Plaintiffs relied on said misrepresentation in accepting the loan from LoanCity, what advantage LoanCity intended to gain, or that LoanCity acted with the intent to defraud Plaintiffs. These same, or similar, deficiencies exist with regard to Plaintiffs' general allegations of fraud in the issuance and subsequent transfer of the LoanCity note and mortgage. As such, the Court finds that Plaintiffs have failed to sufficiently allege a valid claim of fraud against any Defendant.

### C.    Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings. According to Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend is "not automatic." *Matter of Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996) (citation omitted). In determining whether leave to amend should be granted, "the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). The Fifth Circuit has made clear that "[d]enying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citing *Briggs v. Miss.*,

331 F.3d 499, 508 (5th Cir. 2003)). An amendment would be deemed futile "if it would fail to survive a Rule 12(b)(6) motion." *Id.*

Here, the Court has substantial reason to deny Plaintiffs leave to amend. First, both Plaintiffs' initial and Amended Petitions appear to be versions of a form complaint available on the internet that has routinely been dismissed by other U.S. district courts across the country. *See, e.g., Taylor v. Wells Fargo Bank, N.A.,* 85 F. Supp. 3d 63 (D.D.C. 2015); *Lakiesha v. Bank of New York Mellon*, No. 3:15-CV-0901-B, 2015 WL 5934439 (N.D. Tex. Oct. 9, 2015); *Diamond v. Wells Fargo Bank, N.A.*, No. CV-14-00975-PHX-SPL, 2015 WL 9691031 (D. Ariz. June 30, 2015); *Kennedy v. World Sav. Bank, FSB*, No. 14-CV-5516-JSC, 2015 WL 1814634 (N.D. Cal. Apr. 21, 2015); *Dagres v. Countrywide Bank, N.A.,* No. 2:14-CV-1339-CAS, 2014 WL 3417848 (C.D. Cal. July 10, 2014), *appeal dismissed* (9th Cir. Sept. 25, 2014). Further, Plaintiffs' form Petition has little to no applicability to Louisiana law and states incorrect elements of causes of action under Louisiana law, and despite this Court's previously pointing this out to Plaintiffs, Plaintiffs again reiterated this incorrect law in its Amended Petition.[10]

Second, Plaintiffs have already been granted an opportunity to amend their Petition and again have failed to state a cognizable claim against Defendants.[11] In previously granting them leave to amend, this Court warned Plaintiffs that repeated failures to cure deficiencies, as well as undue delay, are factors to consider when granting or denying leave to amend. (Doc. 68 at 5). This Court further stated, "Plaintiffs have been granted a second bite of the apple. They likely will

---

[10] For example, this Court previously explained to Plaintiffs that "Louisiana does not recognize any specific cause of action for 'slander of title'… Because Plaintiffs' claim is not a recognized cause of action under Louisiana law, it fails as a matter of law." (Doc. 39 at 15-16). However, in their Amended Petition, Plaintiffs list as the elements "one must prove…to bring a legally sufficient claim of Slander of Title" as: There was a communication to a third party of; a false statement; derogatory to another's title; with malice; and causing special damages. (Doc. 71 at 26). Also, compare the Court's listed elements of breach of fiduciary duty under Louisiana law (Doc. 39 at 13) with Plaintiffs' (Doc. 71 at 23).
[11] Doc. 68 at 5-6; Doc. 70 at 1.

Document Number: 62374

not be given a third." (*Id.*).  Indeed, Plaintiffs will not be given a third bite at the apple.  Plaintiffs'

inability to state a cognizable claim against any Defendant following amendment of their Petition

simply bolsters the Court's belief that any amendment would be futile.  Consequently, Plaintiffs'

claims are subject to dismissal with prejudice.

III.    **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiffs' "Amended Petition with Exhibits A-O" (Doc. 78) and

"Amended Petition with Exhibits E1, F, 0 on Pages 7, 14, 16, 19 and 31" (Doc. 81) be **STRICKEN**

from the record by the Clerk of Court.

**IT IS FURTHER ORDERED** that the second Motion to Dismiss filed by Federal Home

Loan Mortgage Corporation, Freddie Mac Multiclass Certificate Series 3113 Trust and Mortgage

Electronic Registration System's (Doc. 85) be **GRANTED**, and Plaintiffs' claims against Federal

Home Loan Mortgage Corporation, Freddie Mac Multiclass Certificate Series 3113 Trust and

Mortgage Electronic Registration System be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the first Motion to Dismiss filed by Federal Home

Loan Mortgage Corporation, Freddie Mac Multiclass Certificate Series 3113 Trust and Mortgage

Electronic Registration System's (Doc. 79) be **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by Wells Fargo Bank,

N.A. (Doc. 84) be **GRANTED**, and Plaintiff's claims against Wells Fargo Bank, N.A. be

**DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on September 25, 2020.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

Document Number: 62374