UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DARRELL BERRY, et al.**          **CIVIL ACTION**

**VERSUS**

**18-888-JWD-SDJ**

**LOANCITY, et al.**

## ORDER

Before the Court is Plaintiffs' Motion to Strike (R. Doc. 106), which seeks to strike "the 2005 LoanCity Note and Mortgage filed by Defendants in Doc 5, Exhibit A & B and Doc 84 Exhibit A & B on the grounds that said note and mortgage are based on fraud and cannot possibly be a refinance of the original note and mortgage by Equifirst." (R. Doc. 106 at 1). This Motion is opposed by Defendants. (R. Docs. 111 and 114).

In their Motion to Strike, Plaintiffs argue for striking the LoanCity Note and Mortgage on the basis that the "Original" note and mortgage from Equifirst "were cancelled, not transferred, sold or assigned," and that "[n]either Defendant can attest to this contract being authentic because neither Defendant executed the contract or have [sic] personal knowledge of its accuracy" and "have not attested to these documents being true and authentic."[1] (R. Doc. 106 at 1). Plaintiffs seek to strike the document pursuant to Rule 12(f) of the Federal Rules of Civil Procedure as well as Rule 964 of the Louisiana Code of Civil Procedure.

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

---

[1] While there are multiple named Defendants in this case, Wells Fargo Bank, N.A. generally has been proceeding on its own, while the remaining Defendants, other than LoanCity, generally have been proceeding together, filing joint pleadings.

Similarly, Rule 964 of the Louisiana Code of Civil Procedure provides that a "court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter."

"Striking a pleading is generally disfavored, and it is 'a drastic remedy to be resorted to only when required for the purposes of justice [and] should be granted only when the pleading to be stricken has no possible relation to the controversy'." *Spoon v. Bayou Bridge Pipeline, LLC*, 335 F.R.D. 468, 470 (M.D. La. 2020), *quoting Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962); *see also Becnel v. Mercedes-Benz USA, LLC*, No. 14-0003, 2014 WL 4450431, at *2 (E.D. La. Sept. 10, 2014) (a motion to strike is a "drastic remedy" that is "disfavored" and "should be used sparingly by the courts"). "A court cannot decide a disputed issue of fact on a motion to strike." *Spoon*, 335 F.R.D. at 470, *citing Augustus*, 306 F.2d at 868. "Further, courts should not determine disputed and substantial questions of law when there is no showing of prejudicial harm to the moving party." *Id.*, *citing Augustus*, 306 F.2d at 868. "Under such circumstances, the court … should defer action on the motion and leave the sufficiency of the allegations for determination on the merits." *Id.*, *quoting Augustus*, 306 F.2d at 868.

"Although motions to strike are disfavored and infrequently granted, striking certain allegations can be appropriate when they have no possible relation to the controversy and may cause prejudice to one of the parties." *Id.*, *quoting American S. Ins. Co. v. Buckley*, 748 F.Supp.2d 610, 626-27 (E.D. Tex. 2010). Regardless, "district courts enjoy considerable discretion in ruling on a motion to strike." *Id.*, *citing American S. Ins.*, 748 F.Supp.2d at 627. "Any doubt about

whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party." *Id.* (citation omitted).

Here, as argued by Defendants in their Oppositions, the 2005 Mortgage and Note, the documents Plaintiffs here seek to strike, both are referenced by Plaintiffs in their Complaint and "are central to Plaintiffs' claims." (R. Docs. 111 at 2 and 114 at 2). Plaintiffs seek to strike them as attachments to Motions to Dismiss filed by Defendants. Because they were referenced repeatedly in both Plaintiffs' Original Complaint (R. Doc. 1-2 at 51-64) and Amended Complaint (R. Doc. 71)[2] and are central to Plaintiffs' claim in that they reflect a loan by Plaintiffs from Defendant LoanCity for the property here in question and are part of the assignments of Plaintiffs' debt with which Plaintiffs take issue, the documents were properly attached to Defendants' Motions to Dismiss. *See Carter v. Target Corp.*, 541 F.App'x 413, 416 (5th Cir. 2013) ("It is well-established that documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim. In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated.") (citation and internal quotations omitted).

Second, Rule 12(f) allows a court to strike material it finds "redundant, immaterial, impertinent, or scandalous." Here, Plaintiffs allege that the note and mortgage in question "are based on fraud and cannot possibly be a refinance of the original note and mortgage by Equifirst." (R. Doc. 106 at 1). However, this is a disputed issue of law and fact that cannot be decided on a

---

[2] Upon review, the Court found approximately 10 references to the 2005 note and/or mortgage in Plaintiffs' Amended Complaint (*see, e.g.*, R. Doc. 71 at 9, 10, 13, 14, 19, 20, 25, and 27) and at least six (6) references in their Original Complaint (*see, e.g.*, R. Doc. 1-2 at 54, 55, 56, and 60).

motion to strike. *See Spoon*, 335 F.R.D. at 470. Further, there is no indication to the Court that these documents are redundant, immaterial, impertinent, or scandalous.[3]

For the foregoing reasons, the Court finds no basis for striking Exhibits A & B to Record Documents 5 and 84. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Strike (R. Doc. 106) is **DENIED**.

Signed in Baton Rouge, Louisiana, on January 6, 2021.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] As this Court explained in the *Spoon* case: "'Redundant' matter consists of allegations that constitute 'a needless repetition of other averments in the pleadings.' 'Immaterial' matter is that which 'has no essential or important relationship to the claim for relief or the defenses being pleaded,' such as superfluous historical allegations, 'or a statement of unnecessary particulars in connection with and descriptive of that which is material.' 'Impertinent' matter overlaps with 'immaterial' matter and 'consists of statements that do not pertain, and are not necessary, to the issues in question.' Finally, 'scandalous' matter improperly casts a derogatory light on someone, most typically on a party to the action, but 'it is not enough that the matter offends the sensibilities of the objecting party' or the person who is the subject of the statements in the pleading, 'if the challenged allegations describe acts or events that are relevant to the action.' 335 F.R.D. 468 at 470-71, *quoting* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2004).