UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARRELL BERRY, et al.** | **CIVIL ACTION** |
| **VERSUS** | |
| | **18-888-JWD-SDJ** |
| **LOANCITY, et al.** | |

## ORDER

Before the Court is Plaintiffs' "Request for Submissions of Their Motion to Strike Wells Fargo Bank, N.A. Disclosure Statement Filed Out of Time" ("Motion to Strike") (R. Doc. 133), which seeks to strike the Corporate Disclosure Statement filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo") (R. Doc. 130).[1]  No opposition to this Motion has yet been filed.

In their Motion to Strike, Plaintiffs claim that Wells Fargo's Corporate Disclosure Statement, filed on November 18, 2020, is untimely under Rule 7.1 of the Federal Rules of Civil Procedure.  (R. Doc. 133-1 at 1).  As such, they seek to have it struck from the record pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and Rule 964 of the Louisiana Code of Civil Procedure.[2]

---

[1] The Court notes that Plaintiffs actually have filed a motion to submit their Motion to Strike, claiming that on December 7, 2020, they filed, in person, their Motion to Strike, but same was never docketed. (R. Doc. 133 at 1). Their motion asks the Court "to allow the Plaintiffs to file their resubmission to strike Wells Fargo, N.A. Disclosure Statement." (R. Doc. 133 at 1). Plaintiffs need not have filed a motion to resubmit their Motion to Strike; rather, they need only have filed their Motion to Strike. Because Plaintiffs are proceeding *pro se*, the Court will interpret the instant Motion only as a Motion to Strike. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (*pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers"); *see also SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a *pro se* plaintiff's] allegations and briefs more permissively").

[2] State procedural laws do not apply to this case now that it has been removed to this Court.  *See* Federal Rule of Civil Procedure 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."); *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 416, 116 S.Ct. 2211, 2214, 135 L.Ed.2d 659 (1996) ("federal courts sitting in diversity apply state substantive law and federal procedural law.").

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The decision whether to grant a motion to strike is within the court's discretion. *SEC v. Faulkner*, No. 16-1735, 2019 WL 2515000, at *1 (N.D. Tex., Jun. 18, 2019) (citation omitted). "Both because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *Id.* (citation omitted).

According to the language of Rule 12(f), only material found in a "pleading" may be struck pursuant to Rule 12(f). *See Burnett v. ARCCA Inc.*, No. 15-1214, 2016 WL 828151, at *4 (W.D. La. Feb. 25, 2016) ("Motions to strike under Rule 12(f) are not authorized to be filed against other motions, only pleadings."); *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 664 (N.D. Tex. 2011) ("Rule 12(f) applies only to pleadings, not to other filings or documents.").

Rule 7(a) of the Federal Rules of Civil Procedure defines which documents constitute pleadings.[3]  *See Scarborough v. Principi*, 541 U.S. 401, 417, 124 S.Ct. 1856, 1867, 158 L.Ed.2d 674 (2004) (noting that Rule 7(a) "enumerate[es] permitted 'pleadings'"); *NexBank, SSB v. Bank Midwest, N.A.*, No. 12-1882, 2012 WL 4321750, at * 2 (N.D. Tex. Sept. 21, 2012) ("Rule 7(a) provides a list of permitted 'pleadings' that determines what constitutes a pleading that is subject to being stricken under Rule 12(f)."). Here, the Motion to Strike relates only to a corporate disclosure statement. As a corporate disclosure statement does not constitute a "pleading" under Rule 7(a), the relief provided in Rule 12(f) is not available here. *See Burnett*, 2016 WL 828151,

---

[3] "Pleadings" per Rule 7(a) include "only": a complaint; an answer to a complaint; an answer to a counterclaim designated as a counterclaim; and answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and if the court orders one, a reply to an answer.

at *4 (denying motion to strike defendants' motion to dismiss because it is not within "Rule 7(a)'s exhaustive list of pleadings").

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Strike (R. Doc. 133) is **DENIED**.

Signed in Baton Rouge, Louisiana, on January 6, 2021.

_____
**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**