UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DARRELL BERRY, ET AL.**                       **CIVIL ACTION**

**VERSUS**

                                                  **NO. 18-888-JWD-SDJ**

**LOANCITY, ET AL.**

**RULING AND ORDER**

On or about August 20, 2018, *pro se* Plaintiffs Darrell Berry and Constance Lafayette (collectively, "Plaintiffs") filed a Complaint against Defendants LoanCity; Wells Fargo Bank, N.A.; Federal Home Loan Mortgage Corporation; Freddie Mac Multiclass Certificates, Series 3113 Trust; Mortgage Electronic Registration System; and Does 1 through 100 in the 19th Judicial Court for the Parish of East Baton Rouge. In their Complaint, Plaintiffs claim that the note and mortgage on certain property they own was improperly assigned and securitized, rendering it unenforceable by any Defendant. For this Complaint, Plaintiffs requested only the following parties be served: Wells Fargo Home Mortgage/Bank, Attorney Candace Courteau, Federal Home Loan Mortgage Corporation, and Mortgage Electronic Registration System.[1] Service on Defendant LoanCity was not requested.

On October 12, 2018, both Wells Fargo Bank, N.A. ("Wells Fargo") alone and Defendants Federal Home Loan Mortgage Corporation; Freddie Mac Multiclass Certificates, Series 3113 Trust; and Mortgage Electronic Registration System (collectively, "Freddie Mac Defendants") together filed Motions to Dismiss for Failure to State a Claim (Docs. 4 and 5). This Court, on July 3, 2019, granted Wells Fargo's Motion, dismissing Plaintiffs' claims against Wells Fargo with prejudice (Doc. 39). Similarly, this Court granted the Motion filed by the Freddie Mac Defendants

---

[1] Doc. 1-2 at 64.

on September 17, 2019, also dismissing Plaintiffs' claims against the Freddie Mac Defendants with prejudice (Doc. 58).[2] Plaintiffs subsequently appealed these decisions to the Fifth Circuit Court of Appeals (Docs. 45 and 62).

Plaintiffs also filed Motions for Reconsideration of this Court's dismissals of its claims against Wells Fargo (Doc. 44) and against the Freddie Mac Defendants (Doc. 54), which this Court subsequently granted in part and denied in part (Docs. 68 and 70). Plaintiffs, in response, filed an Amended Petition on December 5, 2019 (Doc. 71), following which Wells Fargo and the Freddie Mac Defendants again each filed a Motion to Dismiss (Docs. 84 and 85). On September 25, 2020, the Court granted Defendants' Motions to Dismiss, thereby dismissing all claims against these Defendants with prejudice (Doc. 116).[3]

As such, LoanCity is the only remaining Defendant in this case. However, LoanCity has never made an appearance in this case, and there is no evidence of valid service to LoanCity in either the record of this Court or the record from state court prior to removal of the matter to this District. Accordingly, on September 19, 2019, following the initial dismissal of all claims against Wells Fargo and the Freddie Mac Defendants, this Court ordered Plaintiffs to "show cause, in writing, why their claims asserted against defendant LoanCity should not be dismissed because of their failure to serve this defendant within the time allowed by Fed. R. Civ. P. Rule 4(m)" ("Show Cause Order").[4]

Plaintiffs complied with the Show Cause Order, timely filing a written response thereto in which they explain that "LoanCity imploded in March of 2007 and formally dissolved in 2008"[5]

---

[2] This Court's Opinion (Doc. 58) adopted a Report and Recommendation by the Magistrate Judge recommending dismissal (Doc. 49).
[3] Subsequent Motions to Vacate the ruling dismissing Plaintiffs' claims against these Defendants were denied on January 5, 2021 (Docs. 134 and 135).
[4] Doc. 60 at 1.
[5] Doc. 61 at 1.

and attach thereto the Certificate of Election to Wind Up and Dissolve LoanCity, signed in May 2008 and filed with the California Secretary of State on June 3, 2008.[6] Despite this dissolution of LoanCity more than a decade before the instant litigation was filed, Plaintiffs claim they listed LoanCity in their Complaint "to link its purported fraudulent origination of a refinance of a lost note that was then assigned by MERS to WellsFargo [sic] several years after the company imploded."[7] With regard to their failure to serve LoanCity, Plaintiffs state only that "[a]n issue of service promulgated at State Court level" and "[a]ll existing Defendants were served at State Court level."[8]  Thus, Plaintiffs neither assert that LoanCity was served, nor do they claim they will attempt to serve LoanCity.  And in the more than 15 months since this response was filed, no evidence of service to LoanCity, or information regarding same, has been submitted to this Court.

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Rule 4(m) continues that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  "Proof of good cause requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice'." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013), *citing Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985).  "Additionally, some 'showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in normally required'." *Id.*, *citing Winters*, 776 F.2d at 1306.

---

[6] Doc. 61-2.
[7] Doc. 61 at 1.
[8] *Id.* at 2.

Dismissal of all claims against LoanCity is warranted here. Plaintiffs filed this suit over two years ago and, during that time, have not, to the Court's knowledge, even attempted service on LoanCity, despite receiving notice from the Court of this defect over 15 months ago. Further, as stated above, Plaintiffs did not request that their initial Complaint be served on LoanCity and acknowledge that LoanCity is not an existing entity, having dissolved over 10 years before this suit was filed.[9] Plaintiffs, therefore, have failed to show good cause for their failure to effect service on LoanCity.

Moreover, all claims against all other Defendants in this litigation have been dismissed with prejudice. Plaintiffs' failure to serve and thereby prosecute their alleged claims against LoanCity effectively deprives both Wells Fargo and the Freddie Mac Defendants of an opportunity to bring this case to a resolution. As such, LoanCity should be dismissed from this litigation. *See Chandler v. Ryder Truck Rental, Inc.*, No. 18-353, 2019 WL 5616977, at *2 (M.D. La. Jun. 13, 2019), *report and recommendation adopted*, 2019 WL 5616966 (M.D. La. Jul. 9, 2019) (dismissing claims against two defendants under Rule 4(m) for failing to properly serve them for over 14 months after case was removed from state court); *Juge v. Swift Transp. Co. of Ariz., LLC*, No. 17-368, 2019 WL 3526705, at *2 (M.D. La. Apr. 23, 2019), *report and recommendation adopted*, 2019 WL 5616964 (M.D. La. Aug. 1, 2019) (dismissing one defendant from case for failure to serve under Fed. R. Civ. P. 4(m), noting that the action "ha[d] been pending for nearly two years," fact discovery and expert disclosure deadlines had passed, and plaintiffs had not requested a summons for the defendant and were "no longer making any efforts to effectuate service").

Accordingly,

---

[9] *See* Doc. 61-2.

**IT IS ORDERED** that Plaintiffs' claims against LoanCity be **DISMISSED WITHOUT PREJUDICE** for failure to serve under Federal Rule of Civil Procedure 4(m).

Signed in Baton Rouge, Louisiana, on January 13, 2021.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**